**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26-CV-00029-JHM**

**TIMMATHY MOORE**                                                                                  **PLAINTIFF**

**v.**

**CHAD FOSTER, *et al.***                                                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court on initial review of the complaint [DN 1-2] pursuant to 28 U.S.C. § 1915A.  For the reasons

stated below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Timmathy Moore, a convicted prisoner, initiated this action asserting claims

against Defendants Kentucky State Penitentiary ("KSP") Mailroom Assistant Chad Foster and

Warden Laura Plappert in their individual and official capacities by filing three Kentucky criminal

complaint forms against these Defendants.  [DN 1].  The Clerk of Court issued a notice of

deficiency and instructed Plaintiff to file his complaint on a court-approved form.  Plaintiff

complied.  In addition to asserting claims against Defendants Foster and Plappert on the court-

approved form, Plaintiff also asserted claims against KSP Medical Staff Member Amanda at

Caldwell Medical Center, Mailroom Supervisor Mrs. Knoth, and Grievance Coordinator

McCalstur in their individual and official capacities.  [DN 1-2].

Plaintiff alleges that Defendants Foster and Knoth opened, read, copied, and tampered with

his outgoing legal mail without him present in violation of the First and Fourteenth Amendments

to the United States Constitution, in violation of criminal statutes—18 U.S.C. §§ 1702, 371, 241,

and in violation of Kentucky Corrections Policies and Procedures 16.2. Plaintiff also asserts that Defendants Foster and Knoth forged Plaintiff's signature on mail receipts and mail slips, interfered with pending cases, and tampered with evidence. Plaintiff further states that he experienced theft of his mail from the unit mailroom. Relatedly, Plaintiff complains that Defendant McCalstur did not allow him to submit grievances regarding the alleged mail violations in violation of Plaintiff's First Amendment freedom of speech.

Plaintiff asserts that Defendant Amanda read him the Caldwell Medical Center CT scan and informed Plaintiff that the spot on his liver was not cancer. Plaintiff complains that Defendant Amanda cannot know the spot is not cancerous because she did not perform a biopsy.

Plaintiff also complains that he filed a PREA claim against a correctional officer and that KSP refused to do anything on that claim. Plaintiff maintains that "they" opened his outgoing legal mail without him present, hacked into the court system and his medical files, destroyed his CT scans and x-rays, interfered with his court cases, and stole his "CTO slips" from his cell.

Finally, Plaintiff claims that Defendant Plappert is "over all of these people" and is aware of Defendants' mail violations, failure to permit him to file a grievance, failure to render medical care, and failure to act on the PREA claim. Plaintiff states that Defendants are taking these actions because they are trying to cover up his illness and injury, trying to cover up an assault against him, and trying to aid other correctional facilities that violated Plaintiff's rights as well.

As relief, Plaintiff seeks damages, release from prison, restitution, and a scope run on his right lung.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the

Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the

3

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff sues Defendants in their official capacities.  The warden and correctional officers are state employees or officials.  Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky.  *See Graham*, 473 U.S. at 166.  When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S.58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment.  *See Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").  For these reasons, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking damages from Defendants immune from such relief.

Similarly, Plaintiff's official-capacity claims for injunctive relief against Defendants are likewise dismissed.  Plaintiff seeks release from prison and release from his restitution order. These requests will be dismissed since these are not available remedies under § 1983.  *See Heck*

4

*v. Humphrey*, 512 U.S. 477 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). Plaintiff also seeks an injunction requiring a lung scan to be ordered by these Defendants. For the reasons set forth below, Plaintiff has failed to state a claim for deliberate indifference to medical care, and, as such, this relief is denied as well. Thus, Plaintiff's claims for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

### B. *Individual-Capacity Claims*

#### 1. Defendants Foster and Knoth

Plaintiff alleges that Defendants Foster and Knoth violated his rights by interfering with his legal mail. The First Amendment affords inmates the right to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Courts ascribe particular significance to this right when "legal mail" is involved, granting special protection to "correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Id.* at 874 (citing *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)). Upon consideration, <u>the Court will allow First Amendment legal mail claims to proceed against Defendants Foster and Knoth in their individual capacity for damages</u>.

In as much as Plaintiff seeks to hold Defendants Foster and Knoth liable under federal criminal statutes, 18 U.S.C. §§ 241, 371, and 1702, and to mandate a federal investigation, courts "have consistently held that [these criminal statutes do not] create[] a private cause of action." *Johnson v. Kentucky*, No. 4:21-CV-44-JHM, 2021 WL 2908113, at *3 (W.D. Ky. July 9, 2021); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Lillacalenia v. Life Storage Inc.*,

No. 3:24-CV-162-RGJ, 2024 WL 1942139, at *2 (W.D. Ky. May 2, 2024). Consequently, Plaintiff's claims based on these statutes will be dismissed for failure to state a claim.

Moreover, to the extent Plaintiff alleges a violation of Kentucky Department of Corrections Policies and Procedures, the failure of prison officials to follow institutional policies or procedures does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation). Therefore, Plaintiff's claim based on a violation of prison policies and procedures must be dismissed for failure to state a claim.

### 2. Defendant McCalstur

Plaintiff alleges that Defendant McCalstur violated his rights by failing to properly file, submit, and consider his grievances. Plaintiff has not stated a claim related to his grievances because prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure.") (citing cases); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (same). Thus, Plaintiff's grievance claim against Defendant McCalstur will be dismissed for failure to state a claim.

### 3. Defendant Amanda

With respect to his claim against Defendant KSP Medical Staff Member Amanda at Caldwell Medical Center, Plaintiff represents that Amanda read him the Caldwell CT scan and informed him that the spot on his liver was not cancer. Plaintiff complains that Amanda cannot know the spot is not cancerous because she did not perform a biopsy.

The Court has reviewed the complaint and finds that Plaintiff's allegations against Amanda at the Caldwell Medical Center in her individual and official capacity are too broad and conclusory to support a claim. *See Iqbal*, 556 U.S. at 678 (pleading not sufficient if it offers "'labels and conclusions' or if it tenders 'naked assertion[s]' devoid of further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Federal courts are "generally reluctant to second guess [prison] medical judgments." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff fails to provide material facts in support of his claims for deliberate indifference to medical care. As such, these claims will be dismissed for failure to state a claim upon which relief may be granted.

### 4. Defendant Plappert

Plaintiff's claims against Defendant Plappert are based on allegations that she is responsible for the actions of other Defendants and staff at KSP. These claims will be dismissed. Defendant Plappert is not liable for the behavior of other Defendants or other KSP staff because she is their supervisor. *See Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729

F.2d at 421 (citation omitted). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citation omitted). Additionally, the alleged failure of Defendant Plappert "to take any remedial or disciplinary action against prison personnel for the alleged violation of [Plaintiff's] constitutional rights did not ratify prison personnel's alleged violations of [P]laintiff's constitutional rights, so as to permit [this Defendant] to be held liable under [§ 1983]." S*pirdione v. Washington*, No. 2:22-CV-11018, 2022 WL 1557373, at *2 (E.D. Mich. May 17, 2022) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)).

Thus, because Plaintiff's claims against Defendant Plappert are not based on any active unconstitutional conduct, but rather a failure to act based upon Plaintiff's grievances and reports of the alleged misconduct, the Court concludes that Plaintiff's claims against Defendant Plappert must also be dismissed for failure to state a claim upon which relief may be granted.

**5. Other Allegations**

In Plaintiff's complaint, he asserts that "they" failed to act on his PREA claim, hacked into the court system and his medical files, destroyed his CT scans and x-rays, interfered with his court cases, and stole his "CTO slips" from his cell. Plaintiff has not identified who he alleges committed these alleged violations. Additionally, these allegations are conclusory. In as much as Plaintiff seeks to hold Defendant Plappert liable for the conduct of her unidentified KSP staff, she cannot be held liable based on the actions of her subordinates. S*ee Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). These claims will also be dismissed for failure to state a claim upon which relief may be granted.

8

## C. Criminal Complaints

Plaintiff filed three criminal complaints in this matter in which he attempts to bring criminal charges against Defendants Foster and Plappert. The Clerk of Court issued a notice of deficiency instructing Plaintiff that his action must be filed on a court-approved form. Plaintiff then filed his action on the court-approved form, but he noted that his claims against Defendants Foster and Plappert for tampering with his mail are criminal charges and should be treated as such by the Court.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff is a private citizen and cannot initiate criminal charges against anyone.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1.      Plaintiff's First Amendment legal mail claims are allowed to proceed against Defendants Foster and Knoth in their individual capacities. In allowing these claims to proceed, the Court passes no judgment upon their merits or upon the ultimate outcome of this action.

2.      Plaintiff's official-capacity claims and injunctive relief claims against Defendants and individual-capacity claims against Defendants McCalstur, Amanda, and Plappert are

9

**DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief can be granted and for seeking damages from Defendants immune from such relief.

3.     Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants McCalstur, Amanda, and Plappart as parties to this action.**

4.     The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date: August 7, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.014